IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PAMELA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 21-3020 |
| | ) | |
| WOODS SUPER MARKET | ) | JURY DEMANDED |
| OF BOLIVAR, LLC | ) | |
| *Serve registered agent:* | ) | |
|    Doanald C. Woods, Jr. | ) | |
|    703 E. College | ) | |
|    Bolivar, Missouri 65613 | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

COMES NOW Plaintiff, Pamela Johnson, by and through her attorneys of record, Hall Ansley, P.C., and for her cause of action against Woods Super Market of Bolivar, LLC, states, alleges and avers to the Court as follows:

## **PLAINTIFF**

1. Plaintiff Pamela Johnson (hereinafter "Plaintiff") is a resident of Greene County, Missouri.

2. Plaintiff is a female over 40 years of age.

## **DEFENDANT**

3. Defendant Woods Super Market of Bolivar, LLC (hereinafter "Woods"), is a Missouri limited liability company organized and existing under the laws of the state of Missouri. Defendant Woods may be served with process by serving its registered agent at the address listed in the caption.

1

## VENUE AND JURISDICTION

5. Venue and jurisdiction are proper in this Court in that Plaintiff's complaint alleges violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as codified and amended, 29 U.S.C. §§ 621, et seq., 29 U.S.C. § 215 et seq., and all acts and occurrences complained of herein incurred within Polk County, Missouri. 29 U.S.C. § 626(c)(1).

6. This action is also brought for violations of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000(e), *et seq.,*

7. Jurisdiction is appropriate pursuant to 28 U.S.C. §1331.

8. The damages suffered by Plaintiff on account of the actions of Defendant were first sustained in Polk County, Missouri. Venue is appropriate pursuant to 28 U.S.C. § 1391.

9. Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights and EEOC.

10. On October 30, 2020, the EEOC issued a Right to Sue Letter permitting Plaintiff to file a claim in Circuit Court. A true and correct copy of the Right to Sue Letter is attached hereto as Exhibit "A" and incorporated herein by reference.

11. Plaintiff files this suit within ninety (90) days of receipt of the right to sue letter.

12. On information and belief, Woods has had more than fifteen (15) employees at all relevant times.

## FACTS COMMON TO ALL COUNTS

13. Plaintiff was hired by Woods to serve in Human Resources.

14. During Plaintiff's employment in her HR role, she repeatedly brought to the company's attention (multiple times) the fact the company was not paying female management equal to male managers. These concerns/complaints were essentially ignored. Plaintiff was

repeatedly told the company was aware and was not concerned about the pay issues raised by Plaintiff.

15. In/around early May of 2019, an employee, Dean, came to Plaintiff's office and said that he was very frustrated with all the women in the bakery deli. Dean said the female employees were rude, gossiped and talked all the time, and did not help the customers or him.

16. Dean also said an employee, Ruth, stole a bagel. He stated that he was checking Ruth out for her morning break and but he failed to ring up a bagel she had obtained.

17. Dean was upset because he felt Ruth was rushing him. Plaintiff asked Dean if he went back to Ruth when she got off break to let her know he failed to ring up the bagel. He said no.

18. Plaintiff explained to Dean that she would talk to the store Manager, Eric Pichler, and would get back to him.

19. The next day Plaintiff spoke with Eric about Dean's report. Plaintiff explained that she believed Dean to be disgruntled and that she was concerned about his discriminatory/unfair attitude toward female co-workers.

20. Eric and Plaintiff agreed the incident did not arise to theft and was an error (on the part of Dean) for not ringing up the product.

21. Days later - Plaintiff thought she had a meeting with Frank, Woods' CEO, and JB, Woods' CFO. When she arrived, Frank took Plaintiff to another office where the Director of Central Operations, Tracy Easterwood, was sitting. Tracy started the conversation asking Plaintiff what she knew about Ruth stealing a bagel. Plaintiff told Tracy what had happened.

22. Frank then stated that they were going to let Plaintiff go for violating the "Blue Circle."

23. Plaintiff was replaced the next week by a much younger male.

## COUNT I
## SEXUAL DISCRIMINATION IN VIOLATION OF TITLE VII

COMES NOW Plaintiff, Pamela Johnson, by and through her attorneys of record, Hall Ansley P.C., and for Count I of her Complaint against Defendant states, alleges and avers to the Court as follows:

24. Plaintiff restates, realleges, and incorporates herein all preceding paragraphs of this Complaint as though they were fully restated *in haec verba*.

25. As a female Plaintiff is a protected individual pursuant to Title VII.

26. Plaintiff was subjected to a discriminatory work environment due to her sex/gender.

27. A causal nexus exists between the behavior Plaintiff encountered and Plaintiff's membership in the protected group.

28. The acts mentioned above were in violation of Title VII.

29. As a direct and proximate result of the violations described herein, Plaintiff was terminated and has suffered the following:

    (a) Lost income, including but not limited to back pay, front pay and lost benefits;

    (b) Lost career opportunities, including but not limited to opportunities for advancement, status, pay and benefits; and

    (c) Mental and emotional anguish.

30. Pursuant to the Title VII, Plaintiff is entitled to and hereby requests an award of attorney's fees, prejudgment and post judgment interest at the highest lawful rate on any award or verdict provided.

31. The actions of Defendant were willful, wanton, and in complete indifference to Plaintiff's rights. These actions are sufficient to justify the award of punitive damages to deter said Defendant, and others similarly situated, from like conduct in the future.

**WHEREFORE**, Plaintiff prays for an award of damages against Defendant in an amount determined to be fair and reasonable; for an award of attorney's fees; for an award of post-judgment interest at the highest lawful rate on any judgment rendered; for punitive damages sufficient to deter this Defendant, and those similarly situated, from like actions in the future; and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

COMES NOW Plaintiff, Pamela Johnson, by and through her attorneys of record, Hall Ansley, P.C., and for Count II of her Complaint against Defendant states, alleges and avers to the Court as follows:

32. Plaintiff restates, realleges, and reavers all preceding paragraphs of this Complaint as though fully set-forth herein *in haec verba*.

33. Defendant unlawfully retaliated against Plaintiff for reporting, protesting, assisting others, and complaining about harassment/discrimination.

34. As a direct and proximate result of the retaliation as described herein, Plaintiff was terminated has suffered the following:

(a) Lost wages (past/future) and career opportunities, including but not limited to opportunities for advancement, status, pay and benefits; and

(b) Mental and emotional anguish.

35. The actions of Defendant were willful, wanton, and in complete indifference to Plaintiff's rights. These actions are sufficient to justify the award of punitive damages to deter this Defendant and other similarly situated Defendants from like conduct in the future.

36. Plaintiff is entitled to her attorney fees and costs pursuant to Title VII.

WHEREFORE, Plaintiff prays for an award of damages against Defendant in an amount determined to be fair and reasonable; for an award of attorney's fees; for an award of post-judgment interest at the highest lawful rate on any judgment rendered; for punitive damages sufficient to deter this Defendant and similarly situated Defendants from like actions in the future; and for such other and further relief as the Court deems just and proper.

## COUNT III
## DISCRIMINATION IN VIOLATION OF THE ADEA

COMES NOW Plaintiff, Pamela Johnson, by and through her attorneys of record, Hall Ansley, P.C., and for Count III of her Complaint against Defendant states, alleges and avers to the Court as follows:

37. Plaintiff restates, realleges and reavers herein all preceding paragraph of this Complaint as though they were fully stated herein in haec verba.

38. At the time of Plaintiff's termination, she was a protected individual under the ADEA in that he was over the age of forty (40).

39. A causal nexus exists between Plaintiff's termination and the Plaintiff's membership in the protected group.

40. The acts mentioned above were in violation of the ADEA.

41. As a direct and proximate result of the violations described herein, Plaintiff has suffered the following:

(a) Lost income, including but not limited to back pay, front pay and lost benefits; and

(b) Lost career opportunities, including but not limited to opportunities for advancement, status, pay and benefits.

42. Pursuant to the ADEA, Plaintiff is entitled to the costs of this action, her reasonable attorney's fees, and liquidated damages.

WHEREFORE, Plaintiff prays for an award of damages against Defendant for an amount equal to her lost wages, salary and benefits (both front and back); for interest on said lost wages, salary and benefits at the highest lawful rate; for liquidated damages equal to the sum of the amount of lost wages, salary, employment benefits or other compensation as well as interest awarded on said monetary damages; injunctive relief; for an award of attorneys' fees and litigation costs; for pre-judgment and post-judgment at the highest lawful rate; and for such other and further relief as the Court deems just and proper.

HALL ANSLEY,
A Professional Corporation
By: *Benjamin A. Stringer*
BENJAMIN A. STRINGER
Missouri Bar Number 50415
TIMOTHY A. RICKER
Missouri Bar Number 62050

3275 East Ridgeview
Springfield, MO 65804
Telephone: 417/890-8700
Facsimile: 417/890-8855
Email: bstringer@hallansley.com
Email: tricker@hallansley.com
*Attorneys for Plaintiff*